IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TAMARA BONNER, et al.,

    Plaintiffs,

v.
                                              Case No. 3:08cv524/MCR/EMT

BELLSOUTH TELECOMMUNICATIONS, INC.,

    Defendant.
_____/

## O R D E R

    This cause was filed November 20, 2008. By order dated March 25, 2009, the court directed plaintiffs to show cause, if any, why this case should not be dismissed for their failure to effect service within the time period of one hundred twenty days specified under Fed.R.Civ.P. 4(m) or for their failure to prosecute this action in accordance with the local rules of this district. *See N.D.Fla.Loc.R.* 41.1(A) (authorizing court to dismiss case for want of prosecution after ninety days of inactivity). Plaintiffs timely filed a response. The court permitted defendant, by special appearance, to express its opposition to plaintiffs' response, and plaintiffs replied. For the reasons that follow the court concludes this action is due to be dismissed, without prejudice.

    Rule 4(m) provides that if a plaintiff has not effected service on a defendant within one hundred twenty days of filing

> the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

    Thus under Rule 4(m) the court is required to excuse a plaintiff's failure to timely perfect service if the plaintiff demonstrates good cause for his failure. "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotations omitted). Even if the plaintiff has not

demonstrated good cause, a court has discretion to extend the time for service if "any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. The Eleventh Circuit Court of Appeals has observed that the Advisory Committee Note to Rule 4(m) provides guidance as to what factors may justify a discretionary extension of the service deadline. *Id.* "Although not an exhaustive list, the Committee explained that '[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments) (alteration in original).

In this case, plaintiffs have not demonstrated good cause for their failure to effect service on defendant. Plaintiffs' only explanation for failing to effect service is that in December 2008 a paralegal in the office of their counsel, Jeremiah J. Talbott, informed Mr. Talbott that the a copy of the complaint, along with a summons issued by the clerk, had been forwarded to a process server for service.  In fact, although unknown to Mr. Talbott, his office had failed to attach summons to the complaint when it was filed on November 20, 2008, and thus none had been issued by the clerk. On March 2, 2009, upon inquiry of his staff, Mr. Talbott learned that service on the defendant in this case had not yet been effected. Although still unaware that no summons had been issued, Mr. Talbott nevertheless did not investigate any further the fact that defendant had not been served, and he took no further action to ensure that service would be effected within the one hundred twenty days allotted by Rule 4(m).  Under these facts, which implicate no outside factor but rather only the inadvertence or negligence of counsel, plaintiffs have failed to show good cause  for their failure to timely effect service. *Lepone-Dempsey*, 476 F.3d at 1281.

Plaintiffs have also failed to show that other circumstances exist in this case that would warrant granting a discretionary extension. *Lepone-Dempsey*, 476 F.3d at 1282. Plaintiffs assert, both in their response and their reply, that they will suffer prejudice if they are not given additional time in which to effect service.  They do not, however, explain in what manner they would be prejudiced by a refusal to grant them additional time, such as being barred from refiling their claims by the applicable statute of limitations. Nor do plaintiffs assert that defendant has attempted to evade service or conceal a defect in attempted service. *Id.*  Indeed, plaintiffs offer no other reason why the court should grant a discretionary extension.

In summary, the court finds that plaintiffs failed to serve defendant as required by the Federal Rules of Civil Procedure. Further, plaintiffs have failed to show good cause for their failure to serve within the time specified in Fed.R.Civ.P. 4(m). Plaintiffs have also failed to demonstrate any basis for the court to exercise its discretion to extend the time for service of process, even in the absence of a showing of good cause. Accordingly, the court concludes that dismissal of this action, without prejudice, is warranted for plaintiffs' failure to timely effect service.[1]

IT IS THEREFORE ORDERED:

This action is DISMISSED, without prejudice, for plaintiffs' failure to timely effect service.

**DONE AND ORDERED** this 23rd day of April, 2009.

       *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The court therefore does not address dismissal for the failure to prosecute, under N.D.Fla.Loc.R. 41(A).

Case No. 3:08cv524/MCR